UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

=====================================================

WLODZIMIERZ J. DZWONCZYK,

                                             Plaintiff,


              -v.-                                           5:08-CV-00557
                                                              (NPM/DEP)

SYRACUSE CITY POLICE
DEPARTMENT; SYRACUSE HOUSING
AUTHORITY SECURITY; JOHN DOE,
SYRACUSE HOUSING AUTHORITY
DETECTIVE; GARY MIGUEL, CHIEF
OF POLICE, SYRACUSE CITY POLICE
DEPARTMENT; ONONDAGA COUNTY
SHERIFF'S OFFICE; ONONDAGA
COUNTY JUSTICE CENTER; JOHN
DOES, IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITIES,

                                             Defendants.

=====================================================

APPEARANCES:

FOR THE PLAINTIFF:

Wlodzimierz J. Dzwonczyk, *pro se*

FOR THE DEFENDANTS,
Syracuse City Police Department;
Gary Miguel, Chief of Police,
Syracuse City Police Department;
and John Does, in their official and
individual capacities:

1

City of Syracuse Corporation Counsel          Mary Anne Doherty
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

FOR THE DEFENDANTS,
Syracuse Housing Authority Security;
and John Doe, Syracuse Housing
Authority Detective:

Sliwa & Lane                                 Paul F. Murak
840 Main-Seneca Building
237 Main Street
Buffalo, NY 14203-2715

FOR THE DEFENDANTS,
Onondaga County Sheriff's Office;
and Onondaga County Justice Center:

Gordon J. Cuffy, Onondaga County
 Attorney                                    Karen A. Bleskoski
421 Montgomery Street
10th Floor
Syracuse, NY 13202

Neal P. McCurn, Senior District Judge

### *Summary Order*

Presently before the court is a motion for a preliminary injunction and temporary restraining order ("TRO") by plaintiff, *pro se*, Wlodzimierz J. Dzwonczyk ("Plaintiff").  By his motion, Plaintiff seeks to enjoin defendants "Syracuse City Police, its agents, and employees and police officers" to "stay away

2

from Plaintiff and his residence[.]" Dkt. No. 11.  Defendants, Syracuse City Police Department, Chief of Police Gary Miguel, and John Does ("Defendants") have failed to oppose or, despite the requirement of this court's Local Rules, notify the court of their intent not to oppose Plaintiff's motion.  See N.D.N.Y. L.R. 7.1(b)(3). Nonetheless, for the reasons that follow, Plaintiff's motion is denied.

When deciding a motion for a temporary restraining order, the court follows the same legal standard as that on a motion for a preliminary injunction.  Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir.1992)).  Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor."  Id. (citing Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir.2005)).  Where, as here, "the movant seeks a mandatory injunction (one that will alter the status quo) rather than a prohibitory injunction (one that maintains the status quo), the likelihood-of-success standard is elevated: the movant must show a clear or substantial likelihood of success."  Lawrence v. Town of Brookhaven Dept. of Hous., Cmty Dev. & Intergovernmental Affairs, No. 07-cv-2243, 2007 WL 4591845, at *6 (E.D.N.Y. Dec. 26, 2007) (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 97 (2d Cir.2005)).  "Such relief ... is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

3

showing, carries the burden of persuasion." <u>Freeman</u>, 2007 WL 3254431, at *1 (quoting <u>Moore</u>, 409 F.3d at 510-511).

Here, Plaintiff seeks an order enjoining "Syracuse City Police, its agents, and employees and police officers" from nearing Plaintiff or his residence because he "fears for his safety and well being and [] is not sure why a police officer and an undercover agent . . . came to Plaintiff's residence, and were knocking on [P]laintiff's door . . . after Plaintiff had filed his civil rights complaint."  Aff. of Wlodzimierz J. Dzwonczyk, June 6, 2008, Dkt. No. 11-2 ("Dzwonczyk Aff."). Plaintiff further refers the court to the allegations in his complaint for support of his contention that he "is being, and will continue to be, irreparably harmed by [D]efendants' actions."  Id.

Plaintiff's complaint purports to set forth a number of constitutional violations as predicates for  civil rights claims pursuant to 42 U.S.C. § 1983. Although several defendants are named in the complaint, those whose behavior Plaintiff seeks to enjoin by the present motion are, as previously identified, the Syracuse City Police Department, Chief of Police Gary Miguel, and unnamed "John Does".  The involvement of these defendants in the events giving rise to Plaintiff's claims is limited to Plaintiff's arrest and transport to the Onondaga County Justice Center on May 23, 2008.  Plaintiff alleges that on the date in question, the "Syracuse Police Department and Syracuse Housing Authority Security came to [his] residence . . . with two police officers[;] . . . [o]ne was a detective working for the Syracuse Police Department and Syracuse Housing Authority Security, . . . [and] the other was in the police uniform ... ."  Compl. ¶ 13.  Plaintiff alleges a "Detective" entered his residence and accused him of

aggravated harassment, then arrested Plaintiff by putting handcuffs on his wrists. <u>See</u> id. ¶¶ 15, 16.  Plaintiff alleges he was not read his "Miranda rights," and that the Detective would not let Plaintiff put on his socks or notify his mother that he was leaving prior to Defendants removing Plaintiff from his residence.  <u>See</u> id. ¶ 16.  Plaintiff further contends the "Detective grabbed [him] and literally dragged him to the elevator" and gave him "little pushes . . . here and there" while Defendants transported Plaintiff to the police car.  <u>See</u> id.  Finally, Plaintiff claims that at some point he was "thoroughly searched still without Miranda rights read." Id.

      Because Plaintiff seeks a mandatory injunction, he must show a "clear or substantial" likelihood of success on the merits.  <u>See</u> <u>Lawrence</u>, 2007 WL 4591845, at *6.  Assuming the truth of the allegations in the complaint, the only action giving rise to a constitutional violation by the Syracuse Police Department and its officer(s) is that a "Detective" "literally dragged" Plaintiff while transporting him to a police car during an arrest, which could be construed as a claim of excessive force in violation of the Fourth Amendment.  <u>See, e.g</u>, <u>Tobias v. County of Putnam</u>, 191 F.Supp.2d 364, 378 (S.D.N.Y. 2002).  However, even if Plaintiff were to prevail on such a claim, and the court declines to find by a clear or substantial likelihood that Plaintiff would prevail, the court would not award Plaintiff the overly broad injunctive relief he now seeks.  Moreover, Plaintiff's assertion underlying the present motion that "he is not sure why" certain officers came to his residence recently and knocked on his door, is not enough for this court to find that Plaintiff is "likely to suffer irreparable injury if the injunction is not granted."  <u>Freeman</u>, 2007 WL 3254431, at *1.  The court will not enjoin the

entire Syracuse Police Department, "its agents, and employees and police officers" from coming into contact with Plaintiff or coming to his residence on this extremely speculative basis.  Accordingly, for the foregoing reasons, Plaintiff's motion for a TRO and preliminary injunction is denied.

Therefore, it is ORDERED that plaintiff, Wlodzimierz J. Dzwonczyk's motion for a temporary restraining order and preliminary injunction enjoining defendants, Syracuse City Police Department; Gary Miguel, Chief of Police, Syracuse City Police Department; and John Does in their official and individual capacities, from contacting plaintiff or nearing plaintiff's person or plaintiff's residence is DENIED.


IT IS SO ORDERED.


DATED:     July 7, 2008
           Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge